UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEVEN HARTSFIELD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 2:13-cv-00351-JMS-WGH |
| J. F. CARAWAY Warden, | ) ) ) |
| Respondent. | ) ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Steven Hartsfield seeks relief pursuant to 28 U.S.C. § 2241 challenging his sentence. For the reasons explained in this Entry, Hartsfield's petition for a writ of habeas corpus must be **denied.**

## I. Background

Hartsfield is currently confined at the Federal Correctional Institution in Marianna, Florida. He filed the present petition while confined in this District serving the executed portion of a sentence imposed by the United States District Court for the Southern District of Florida.

In 2007, Hartsfield (along with four co-defendants) was indicted in the Southern District of Florida in a six-count Indictment. Hartsfield was ultimately found guilty of the following: (count 3) Hobbs Act robbery (18 U.S.C. § 1951(a)); (count 4) attempted Hobbs Act robbery (18 U.S.C. § 1951(a) and 18 U.S.C. § 2); (count 5) carrying a firearm in relation to a crime of violence and in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2); and (count 6) being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)).

At sentencing, the district court calculated Hartsfield's total offense level as 33 and his criminal history category as VI. The court concluded that Hartsfield was a career offender under USSG § 4B1.1(a), and determined that Hartsfield's sentencing guidelines imprisonment range was 360 months to life. The court sentenced Hartsfield to an aggregate term of imprisonment of 360 months to be followed by five years of supervised release. Hartsfield received a term of imprisonment of 240 months on counts 3 and 4, to be served concurrently, and a term of 180 months imprisonment on count 6, 120 months of which to be concurrent to the terms imposed on counts 3 and 4 and 60 months to be consecutive. A term of 60 months imprisonment was imposed on count 5, to be served consecutive to the terms imposed on the other counts of conviction.

Hartsfield unsuccessfully appealed his convictions and his sentence, arguing that the evidence was insufficient to support the convictions and that his sentence was unreasonable. *See United States v. Gonzalez*, 322 Fed. Appx. 963 (11th Cir. 2009) (unpublished). Hartsfield next sought relief via a 28 U.S.C. § 2255 motion. Among the claims he raised in that § 2255 motion was that his trial counsel was ineffective for not objecting to the application of the Armed Career Criminal Act ("ACCA") to Hartsfield at sentencing.

Although the Court agreed that Hartsfield "is not in fact an armed career criminal" his sentence was not modified. With respect to this specific issue, the district court stated:

> The Court concurs with the Magistrate Judge's finding that counsel's performance was deficient insofar as he failed to object to the improper enhancement of Movant's sentence pursuant to the ACCA. However, the Court rejects Movant's argument that the result of the proceeding would have been different but for counsel's error. The enhancement of Movant's sentence to a fifteen-year minimum mandatory sentence pursuant to the ACCA on Count Six did not affect his guideline sentence range, which, with or without the enhancement, was 360 months to life. And, even without the enhancement, the Court could have sentenced Movant to a term of 360 months to be served as follows: 240 months as to Counts Three and Four to run concurrently, 120 months as to Count Six, 60 months to be served concurrent with Counts Three and Four and 60 months to be

> served consecutive to Counts Three and Four; and 60 months as to Count Five, to be served consecutively to all other counts.
>
> Moreover, as the Court clearly expressed at the sentencing hearing, the Court considered a *total sentence* of 360 months to be appropriate after considering all the relevant factors. … Thus, Movant has failed to establish that, but for counsel's deficient performance, the result of the sentencing proceeding, namely, the total sentence of 360 month's imprisonment – would have been different.

Dkt, 9-6 (Exhibit F at 9-10) (emphasis in original).

On March 22, 2013, in the Southern District of Florida, Hartsfield filed a Rule 60 motion, asserting that his counsel was ineffective because he did not advise Hartsfield to plead guilty. The district court construed that pleading as a successive § 2255 motion and summarily denied it.

Now before the Court is Hartsfield's § 2241 petition. Hartsfield argues that this Court must correct the sentencing court's error because he is actually innocent of being an Armed Career Criminal and is serving a sentence in excess of the statutory maximum. Specifically he seeks relief from the 180 month sentence imposed on Count Six ("Felon in Possession of a Firearm, 18 U.S.C. § 922(g)"), arguing that he was entitled to a 120 month sentence on that Count. The United States responded to the petition, Hartsfield then filed a reply and supplemented his petition. The United States then filed a surreply. This action is now fully briefed and ripe for resolution.

## II. Discussion

As a general matter, § 2241 is the appropriate means by which to challenge the *execution* of a sentence, while § 2255 is to be used to challenge the validity of a conviction and sentence. *See Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012); *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). Section 2255 generally limits a prisoner to one challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and

3

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). As the Seventh Circuit has explained, however,

> in a narrow class of cases, under § 2255's "savings clause," a federal prisoner may bring a § 2241 petition if he can show that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008) (quoting § 2255(e)). "Inadequate or ineffective" means that "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

*Hill v. Werlinger,* 695 F.3d 644, 647-648 (7th Cir. 2012).

Hartsfield cannot show that he is eligible to proceed under the savings clause. He claims that he is actually innocent of being a career offender but not that he is innocent of the underlying convictions. The *Unthank* court rejected that interpretation of "actual innocence": "[The petitioner] does [not] claim to be innocent of the current crime. He says only that his sentence is too high, and as we explained in *Hope v. United States*, 108 F.3d 119 (7th Cir. 1997), this differs from a claim that he is innocent of the crime of which he was convicted." *Id.*

In addition, the Seventh Circuit has explained that, in order to fit within the savings clause following *In re Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively. Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

The United States correctly points out that nowhere in Hartsfield's original petition or his two amendments does he point to a statutory-interpretation case that demonstrates he has received an illegal sentence, much less a retroactive one that was unavailable to him when he filed his first § 2255 motion. This is fatal to his request for relief.

As noted, Hartsfield has traveled this precise path in his § 2255 motion in the Southern District of Florida. Although Hartsfield obviously disagrees with the prior rulings on his claim that he was sentenced in excess of the statutory maximum based on the mistaken belief that he was an Armed Career Criminal, that does not mean that the remedy provided by § 2255 is inadequate or ineffective and that the "savings clause" applies. *See Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005) ("Section 2255 is not ineffective just because a court decides adversely to the petitioner."). In other words, Hartsfield's § 2241 petition is rejected because he cannot show that the remedy offered by 28 U.S.C. § 2255 was inadequate or ineffective.

Accordingly, his petition for writ of habeas corpus is **denied** and this § 2241 action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   06/15/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

STEVEN HARTSFIELD
78840-004
MARIANNA - FCI
MARIANNA FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 7007
MARIANNA, FL 32447